UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PRISCILLA ROSADO-CRUZ, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 21-276-DCR |
| V. | ) ) | |
| KING-KELLY, INC. d/b/a COWBOY'S SHOWGIRLS, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants King Kelly, Inc., d/b/a Cowboy's Showgirls, Warren King, Kevin King, and all other defendants, including Does 1 through 10, filed a motion to dismiss and to compel arbitration under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 6]  The defendants request that the Court compel Plaintiff Priscilla Rosado-Cruz to arbitrate her claims and either dismiss or stay the action pending the outcome of that arbitration.  The plaintiff did not file a timely response to the defendants' motion.  The Court will grant the motion because the parties have a valid agreement stating that claims like the one's asserted in this matter shall be addressed in binding arbitration.  Further, this matter will be dismissed because all of the claims can be resolved in arbitration.

## I.

Rosado-Cruz worked as an exotic dancer at Cowboy's Showgirls in Lexington, Kentucky, from December 2018 to October 2020.  [Record No. 1]  She contends that, during that time, the defendants failed to pay her minimum wage in violation of 29 U.S.C. §§ 203(m),

- 1 -

206, and 207.  Rosado-Cruz filed this collective action, asserting that the defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., illegally absconded with tips, and demanded illegal kickbacks.  She seeks to recover the unpaid overtime and the minimum wage owed to her and other similarly situated employees.

Relevant to this motion, Rosado-Cruz signed an "Entertainer Lease Agreement" ("the Agreement") on June 15, 2018, that included arbitration provisions.  The Agreement states at the outset that the contract includes an agreement to arbitrate disputes.  [Record No. 6-2, p. 2] In relevant part, the Agreement states that:

> Any controversy, dispute, or claim arising out of, or relating in any way to, this agreement, its termination, Entertainer performing and/or working at the Club at any time, or the termination of such performances or work for any reason (all such controversies, disputes, and claims being referred to collectively in the Paragraph 22 simply as a "claim," or as "claims"), shall be resolved exclusively by binding arbitration held pursuant to the Federal Arbitration Act (the "F.A.A.)"
> . . .
> Both the club and the Entertainer acknowledge that the Club has a system of alternative dispute resolution that involves employment binding arbitration to resolve disputes that may arise out of this Agreement or the employment context.  The duty to arbitrate under this Agreement is mutual, and the agreed to (sic) and is bound by [t]he arbitration provisions contained in paragraph 22 of the Agreement.  The duty to arbitrate under this Agreement survives any decision, by either Entertainer or the Club, to terminate (voluntarily or involuntarily) this Agreement or Entertainer's relationship with the Club.

[Record No. 6-2, p. 9]   One of the arbitration provisions provides that it covers "any and all non-administrative claims, disputes, and controversies by the Entertainer or on the Entertainer's behalf,"  and it goes on to list out claims covered by the provisions, including claims under the Fair Labor Standards Act and state wage payment laws.  [Record No. 6-2, pp. 9-10]  The Agreement also states that the parties waive any right to litigate claims subject to

the arbitration provisions in court.  [Record No. 6-2, p. 12]  Additionally, the Agreement states that claims shall not be consolidated or brought as a class, collective, or representative action. [Record No. 6-2, p. 13]   As indicated, the defendants have now filed a motion to compel arbitration and dismiss this action.  [Record No. 6]

## II.

The Federal Arbitration Act ("FAA") states that a written provision in a commercial contract to settle by arbitration a claim arising out of the contract "shall be valid, irrevocable and enforceable."  9 U.S.C. § 2.  To determine whether the Court can compel a case to arbitration, it must first decide whether a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement.  *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).  There is a presumption in favor of arbitration and "any doubts regarding arbitrability must be resolved in favor of arbitration." *Glazer v. Lehman Bros.*, 394 F.3d 444, 450 (6th Cir. 2005).

The FAA repeatedly has been applied "to arbitration agreements formed in the employment setting," like the one at issue here.  *See, e.g.*, *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 376-77 (6th Cir. 2005).   And here, there is no indication that the parties did not enter a valid employment contract which includes the arbitration provisions. Rosado-Cruz signed the Agreement on June 15, 2018, and by signing she confirmed that she understood and agreed to binding arbitration.  [Record No. 6-2, p. 2]  The plaintiff has not made any assertion that this was not a valid contract or that any defenses to contract formation apply.

The arbitration provisions included in the Agreement are broad, and cover "any controversy, dispute, or claim arising out of, or relating in any way to," the Agreement or the

parties' work at the establishment, including "any claim, dispute, and/or controversy under federal, state, or local laws regarding payment of wages, compensation practices, or benefits plans." [Record No. 6-2, p. 9-10] And when the Court is "faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, [the] court should follow the presumption of arbitration and resolve doubts in favor of arbitration." *NCR Corp v. Korala Assocs.*, 512 F.3d 807, 813 (6th Cir. 2008) (citation omitted). Additionally, the United States Court of Appeals for the Sixth Circuit previously has stated that FLSA claims can be subject to arbitration. *Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293 (6th Cir. 2018). Rosado-Cruz is bringing claims regarding the payment of wages and compensation practices, including FLSA claims for alleged minimum wage violations, illegal kickbacks, forced tipping, and the unlawful taking of tips. These claims fall within the scope of the arbitration provisions included in the Agreement.

In summary, the Court concludes that the Agreement is valid, and the claims brought by Rosado-Cruz are within the scope of the arbitration provisions. As a result, the Court will grant the motion and compel arbitration.[1]

Finally, the defendants have asked that the matter be dismissed if arbitration is compelled. The FAA states that, after determining that a case is referrable to arbitration, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, the

---

[1] The Court also notes that the plaintiff has failed to respond within the time provided in Local Rule 7.1(c), and the Rule states that the "[f]ailure to timely respond to a motion may be grounds for granting the motion." The undersigned could have granted the motion on that basis alone, but instead will grant it based on the existence of a valid arbitration agreement that covers the claims asserted in this action.

defendants have requested dismissal, and the plaintiff has not asked the Court to stay the matter pending the resolution of arbitration.  Additionally, the Sixth Circuit has, in unpublished cases, allowed courts to dismiss actions rather than stay them pending the outcome of arbitration if all the claims will be resolved in arbitration.  *See, e.g., Andrews v. TD Ameritrade, Inc*., 596 F. App'x 366, 372-73 (6th Cir. 2014); *Mason v. BFS Diversified Prods., LLC*, No. 6: 06-94-DCR, 2006 U.S. Dist. LEXIS 19310, *10-11 (E.D. Ky. Apr. 13, 2006); *cf. Anderson v. Charter Communs., Inc*., 860 F. App'x 374, 379-80 (6th Cir. 2021) (explaining that there is a split of authority regarding whether there is an exception allowing courts to dismiss an action instead of staying it pending the outcome of arbitration, but that the Sixth Circuit in unpublished cases has allowed dismissal).  Here, dismissal is appropriate because all the claims are subject to arbitration and the plaintiff has not asked for a stay pending the outcome of arbitration.

Accordingly, it is hereby

**ORDERED** as follows:

1.      The defendants' motion to compel arbitration and dismiss [Record No. 6] is **GRANTED**.

2.      This matter is **COMPELLED** to arbitration.

3.      This action is **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

4.      A separate Judgment shall issue this date.

Dated: December 17, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 5 -